FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

03 JAN -7 PM 12: 54

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| RONNIE ABBOTT; CINDY ABBOTT, | } |
| Plaintiffs, | } |
| v. | } CASE NO. CV 01-B-2710-S |
| THE ANTHEM COMPANIES INC.; THE ANTHEM COMPANIES, d/b/a Anthem Health & Life Insurance Company; ATLA HEALTH & LIFE INSURANCE COMPANY, f/k/a Anthem Health and Life Insurance Company; CCN, INC.; CCN MANAGED CARE, INC.; ONE SOURCE HEALTH, INC.; ONE SOURCE HEALTH NETWORK, | } |
| Defendants. | } |

ENTERED

JAN - 7 2003

## MEMORANDUM OPINION

This matter is before the court on defendant The Anthem Companies, Inc.'s unopposed Motion for Final Summary Judgment. On January 8, 2002, defendant filed the Motion for Summary Judgment presently before the court. The court entered an Order on January 22, 2002, directing plaintiffs to file any opposition to the defendant's motion by February 6, 2002. On February 22, 2002, plaintiffs filed a Response to defendant's Motion for Summary Judgment in which counsel stated that a review of defendant's motion and documentation reveal the motion for summary judgment filed by The Anthem Companies was due to be granted. Plaintiffs stipulated to dismissal of the claims against this defendant without prejudice.[1]

---

[1] Because the motion was unopposed, defendant's motion for summary judgment is due to be granted and the claims against defendant The Anthem Companies dismissed with prejudice.

19

Under FED. R. CIV. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. V. Catrett*, 477 U.S. 317, 322 (1986). The movant can meet this burden by presenting evidence showing that there is no dispute of material fact, or by showing that the nonmoving parties have failed to present evidence in support of some element of their case on which they bear the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23; *see* FED. R. CIV. P. 56(a) and (b). Once the party has met its burden, Rule 56(e) provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Thus, although a court may not grant a motion for summary judgment simply because the motion goes unopposed, it may do so if summary judgment is otherwise appropriate.

Applying the standards governing summary judgment to the facts of this case, the court concludes that there is no genuine issue as to any material fact, and defendant is entitled to a judgment as a matter of law. Plaintiffs have not come forward with **any** evidence, much less evidence showing a dispute as to any factual contention of plaintiffs. Thus, plaintiffs have failed to meet their burden "to go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial,'" *Celotex*, 477 U.S. at 324. Consequently, the court holds that defendant's Motion for Summary Judgment is due to be granted.

An Order and Judgment in accordance with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE** this ___7th___ day of January, 2003.

_Sharon Lovelace Blackburn_
**SHARON LOVELACE BLACKBURN**
United States District Judge